

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00008-CR

JUAN CARLOS GARCIA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 276th District Court
Camp County, Texas
Trial Court No. CF-16-01679

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

Juan Carlos Garcia was convicted by a jury of aggravated sexual assault of Sally Smith,[1] a disabled individual, sentenced to sixty years' imprisonment, and ordered to pay a $10,000.00 fine. On appeal, Garcia argues that the trial court erred in allowing Smith's mother to remain in the courtroom during Smith's testimony. Finding no error in the trial court's ruling, we affirm its judgment.

"At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." TEX. R. EVID. 614. Before hearing any evidence, Rule 614 was invoked, and the trial court excluded potential witnesses, including Smith's mother, Ronnie Smith. However, after Ronnie testified, the State asked that she be allowed to remain in the courtroom during Smith's testimony. Garcia objected, pointed out that Ronnie was not allowed in the room during Smith's Children's Advocacy Center[2] interview "so that there's no suggestibility by an outside source," and argued that "the mother being in the room is making it suggestible to [Smith]." After questioning Smith, the trial court overruled Garcia's objection and allowed Ronnie to remain in the courtroom.

The trial court specifically based its ruling on Article 38.074 of the Texas Code of Criminal Procedure. Under that Article, a trial court may allow "any person whose presence would

---

[1]We will use a pseudonym for the victim and her mother to protect the victim's identity in this case. *See* TEX. R. APP. P. 9.8.

[2]Garcia's brief mistakenly described Ronnie as the outcry witness. Although Ronnie references a general allegation of abuse by Smith, "to be a proper outcry statement, the child's statement to the witness must describe the alleged offense in some discernible manner and must be more than a general allusion to sexual abuse." *Eldred v. State*, 431 S.W.3d 177, 184 (Tex. App.—Texarkana 2014, pet. ref'd). Here, Jenni Harwood conducted Smith's forensic interview and was designated by the State as the proper outcry witness in this case. *See id.*

2

contribute to the welfare and well-being of a child," TEX. CODE CRIM. PROC. ANN. art. 38.074, § 1(2) (West Supp. 2017), to remain in the courtroom during the child victim's testimony if the trial court finds, by a preponderance of the evidence, that: "(1) the child cannot reliably testify without the possession of the item or presence of the support person, as applicable; and (2) granting the motion is not likely to prejudice the trier of fact in evaluating the child's testimony." TEX. CODE CRIM. PROC. ANN. art. 38.074, § 3(b) (West Supp. 2017).

Garcia argues that the trial court misapplied Article 38.074 because Smith, though having the mental capacity of a child, was twenty years old at the time of trial. The State concedes Article 38.074's inapplicability. However, it argues that Article 36.03 permitted Ronnie's presence in the courtroom. We agree.

Article 36.03 was enacted as a part of 2001 legislation strengthening the ability of crime victims and particular witnesses to participate in certain criminal justice proceedings. *See* Act of May 14, 2001, 77th Leg., R.S., ch. 1034, § 1, 2001 Tex. Gen. Laws 2290, 2290. The current version of Article 36.03 states:

> (a)    Notwithstanding Rule 614, Texas Rules of Evidence, a court at the request of a party may order the exclusion of a witness who for the purposes of the prosecution is a victim, close relative of a deceased victim, or guardian of a victim only if the witness is to testify and the court determines that the testimony of the witness would be materially affected if the witness hears other testimony at the trial.

> (b)    On the objection of the opposing party, the court may require the party requesting exclusion of a witness under Subsection (a) to make an offer of proof to justify the exclusion.

3

TEX. CODE CRIM. PROC. ANN. art. 36.03 (West 2007).[3]  A trial court is "without authority to exclude [a qualifying witness] unless the court determine[s] her testimony would be materially affected if she heard the other testimony at trial." *Wilson v. State*, 179 S.W.3d 240, 248 (Tex. App.—Texarkana 2005, no pet.).  In the absence of such a showing, a trial court does not err in allowing the witness to remain in the courtroom. *See id.*  Additionally, unlike Rule 614, Article 36.03 places the burden on the party seeking exclusion of a witness to make an offer of proof to justify the exclusion.[4]  Thus, "legal guardians of crime victims should generally be permitted to stay in the courtroom." *Parks v. State*, 463 S.W.3d 166, 174 n.6 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 36.03(a)).

Here, the evidence at trial established that, as a result of a guardianship proceeding, Ronnie was appointed as Smith's permanent legal guardian of Smith's person and estate.  Ronnie was initially excluded from the courtroom as many of the State's witnesses testified.  When the State asked that she be allowed to remain during Smith's testimony, Garcia failed to argue or make any showing that Ronnie's testimony would be materially affected if she heard Smith's testimony, presumably because Ronnie testified before Smith and was not recalled.  Additionally, the record also shows that Garcia failed to make an offer of proof justifying Ronnie's exclusion.  As a result,

---

[3]Article 56.02(b) also provides, "A victim, guardian of a victim, or close relative of a deceased victim is entitled to the right to be present at all public court proceedings related to the offense, subject to the approval of the judge in the case." TEX. CODE CRIM. PROC. ANN. art. 56.02(b) (West 2018).

[4]*See Harris v. State*, No. AP-76,810, 2014 WL 2155395, at *15 (Tex. Crim. App. May 21, 2014) (not designated for publication); *Batiste v. State*, No. AP-76600, 2013 WL 2424134, at *7 (Tex. Crim. App. Jun. 5, 2013) (not designated for publication).  "Although unpublished cases have no precedential value, we may take guidance from them 'as an aid in developing reasoning that may be employed.'" *Rhymes v. State*, 536 S.W.3d 85, 99 n.9 (Tex. App.—Texarkana 2017, pet. ref'd) (quoting *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd)).

we find no error in the trial court's decision to allow Ronnie to remain in the courtroom and overrule Garcia's point of error.[5]

By a separate point, Garcia also argues that Ronnie's presence in the courtroom during Smith's testimony violated the Confrontation Clause and his due process rights. "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion." TEX. R. APP. P. 33.1(a)(1). Additionally, a "point of error on appeal must comport with the objection made at trial." *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). "Therefore, if a party fails to properly object to constitutional errors at trial, these errors can be forfeited." *Id.* Here, the record establishes that Garcia failed to raise any Confrontation Clause or due process complaint. Because Garcia did not preserve his last point of error for review, we overrule it.

We affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 14, 2018
Date Decided:      June 22, 2018

Publish

---

[5]Moreover, "[t]he purpose of placing witnesses under the rule is to prevent the testimony of one witness from influencing the testimony of another, consciously or not." *Russell v. State*, 155 S.W.3d 176, 179 (Tex. Crim. App. 2005). "The question in assessing the harm of allowing [a witness] to remain in the courtroom is whether [s]he was influenced in h[er] testimony by the testimony [s]he heard." *Id.* at 181.

5