

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00131-CR

_____

ALBERT LEE STANER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2017F00288

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Albert Lee Staner was sentenced to eighty years' imprisonment after a Cass County jury found him guilty of indecency with Susan Parks, a child.[1] On appeal, Staner argues that the trial court erred in concluding that the outcry witness was Jessica Kelly, a forensic interviewer with the Texarkana Children's Advocacy Center. For the first time on appeal, Staner also argues that Kelly was an inappropriate expert witness because, among other things, she "was biased" and "exhibited extreme prejudice against [Staner]."

We conclude that (1) the trial court did not err in finding Kelly to be the proper outcry witness and (2) Staner failed to preserve his remaining point of error for our review. As a result, we affirm the trial court's judgment.

I.      The Trial Court Did Not Err in Finding that Kelly Was the Proper Outcry Witness

        A.      The Standard of Review Is Abuse of Discretion

"We review a trial court's decision to admit an outcry statement under an abuse of discretion standard." *Allen v. State*, 436 S.W.3d 815, 820–21 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Owens v. State*, 381 S.W.3d 696, 703 (Tex. App.—Texarkana 2012, no pet.) (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000))). "We will uphold the trial court's ruling if it is within the zone of reasonable disagreement." *Id*. at 821.

"To be admissible under Article 38.072, outcry testimony must be elicited from the first adult to whom the outcry is made." *Id.* (citing *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *Broderick v. State*, 35 S.W.3d 67, 73 (Tex. App.—Texarkana 2000, pet. ref'd)).

---

[1]We use a pseudonym to protect the identity of the child. *See* TEX. R. APP. P. 9.10.

"Admissible outcry witness testimony is not person-specific, but event-specific." *Id.* (citing *Broderick*, 35 S.W.3d at 73). "To be a proper outcry statement, the child's statement to the witness must describe the alleged offense, or an element of the offense, in some discernible manner and must be more than a general allusion to sexual abuse." *Id.* (citing *Lopez*, 343 S.W.3d at 140; *Broderick*, 35 S.W.3d at 73); *see Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990).

## B.      The Trial Court Did Not Abuse its Discretion

The State's indictment alleged that Staner, with the intent to arouse or gratify his sexual desire, caused Susan "to engage in sexual contact by causing the complainant to touch the genitals of the defendant." The trial court heard testimony from three witnesses at the outcry hearing, including Susan's mother, her pastor, and Kelly.

According to Susan's mother, Susan said Staner "had been touching her," but did not provide details about the touching because she was too embarrassed to do so. While Susan told her mother at some point that Staner had touched her breasts and buttocks under her clothes and had "put his hand down her pants," her mother testified that she was not the first person to hear Susan's report and that Susan "had cried out to the police department first."

Susan's pastor, Claude Andrew Crocker, IV, testified that Susan's mother requested a meeting with him because "something had happened to Susan." According to Crocker, Susan said Staner had touched her inappropriately under her bra and panties and had penetrated her body with his fingers. On hearing this information, Crocker and Susan's mother called the police.

Kelly testified that she interviewed Susan, who spoke about many instances of abuse occurring at various times. According to Kelly, Susan said Staner began "fingering" her vagina

3

underneath her clothing when she was ten or eleven years old. Susan also told Kelly that Staner touched her breasts and bottom, "entered when she was taking a shower," "lick[ed] her . . . vagina," and made her touch his penis with her hand and mouth. Kelly testified Susan "said that she told [her] most of the details" and added that the incident when Staner placed Susan's hand on his penis occurred in Cass County.

At the end of the hearing, the trial court found that Kelly was the proper outcry witness. We find no abuse of discretion in the trial court's ruling.

"[T]o be a proper outcry statement, the child's statement to the witness must describe the alleged offense in some discernible manner." *Garcia v. State*, 553 S.W.3d 645, 646 n.2 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Eldred v. State*, 431 S.W.3d 177, 184 (Tex. App.— Texarkana 2014, pet. ref'd)). Pursuant to its indictment, the State needed to prove that Staner caused Susan to touch his genitals. The transcript of the outcry hearing reveals that Susan did not tell her mother or pastor about this specific act. Therefore, Susan's statements to her mother and pastor did not describe the alleged offense.

Because Susan told only Kelly about the act that informed the State's indictment, the trial court did not abuse its discretion in concluding that Kelly was the proper outcry witness. *See Eldred v. State*, 431 S.W.3d 177, 184–85 (Tex. App.—Texarkana 2014, pet. ref'd); *Turner v. State*, 924 S.W.2d 180, 183 (Tex. App.—Eastland 1996, pet. ref'd). We overrule Staner's first point of error.

**II.    Staner Failed to Preserve His Remaining Point of Error for Our Review**

Under Rule 702 of the Texas Rules of Evidence, a witness "qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." TEX. R. EVID. 702. Staner argues that Kelly was not an expert witness because, among other things, she exhibited bias and prejudice. The State argues that Staner failed to preserve this issue for appeal. We agree.

Rule 702 arguments are required to be preserved at trial. *Shaw v. State*, 329 S.W.3d 645, 655 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see* TEX. R. APP. P. 33.1. To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1); *see Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). Also, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009).

Here, Staner affirmatively stated that he had no objection to the State's request to exempt Kelly from the witness sequestration rule because of her status as a designated expert and made no objection of any kind during her testimony. *See* TEX. R. EVID. 614. Our review of the record

shows that Staner failed to raise the arguments he now asserts on appeal. We overrule those unpreserved arguments.

## III.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     March 12, 2019
Date Decided:       April 4, 2019

Do Not Publish