

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00142-CR

---

JEFFREY DALE TROXEL, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 25F0078-005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Jeffrey Dale Troxel entered an open plea of guilty for assaulting a peace officer, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b-2). After finding the State's habitual offender-punishment enhancement allegations true, a Bowie County jury assessed a sentence of life imprisonment.

On appeal, Troxel raises a single complaint, arguing that the prosecutor's improper closing argument "enflamed the juror's sympathy for law enforcement officers."[1] The State argues that Troxel failed to preserve this point of error because he did not object to the closing argument. Because we agree, we overrule Troxel's sole point of error. Even so, we modify the judgment to reflect that the jury found the State's punishment enhancement allegations true.

## I.    Troxel Failed to Preserve His Sole Point of Error

During closing argument, the prosecutor made the following argument, which Troxel argues was improper:

> So what you will do with your verdict is, you will say, we are done with Jeff Troxel. And what you will say to the police department is, we value your work, and we thank you for your response. And you take care of us, and we will take care of you. I thank you for your time, and I look forward to coming back when you walk in the courtroom and you will write in life. And you will read out to Jeff Troxel, life sentence, and we will be done. He will go to the penitentiary, and Bowie County will be done with Jeff Troxel.

"[P]roper jury argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement." *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim.

---

[1]In our cause number 06-25-00143-CR, Troxel also appeals his conviction for unlawful possession of a firearm by a felon.

App. 2019). Troxel argues that the prosecutor's comments were not a proper plea for law enforcement and violated his right to due process. The State argues that this point of error is unpreserved, and we agree.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). "[A]ll errors—even constitutional errors—may be forfeited on appeal if an appellant failed to object at trial." *Grado v. State*, 445 S.W.3d 736, 739 (Tex. Crim. App. 2014); *see Garcia v. State*, 553 S.W.3d 645, 648 (Tex. App.—Texarkana 2018, pet. ref'd) (overruling due process claim as unpreserved because defendant failed to raise a due process complaint at trial). The Texas Court of Criminal Appeals has explained that the rules of error preservation, which require a timely objection, apply to improper closing arguments and that a "defendant must object and pursue his objection to an adverse ruling . . . to complain on appeal about the argument." *Hernandez v. State*, 538 S.W.3d 619, 622 (Tex. Crim. App. 2018) (citation omitted) (citing *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App 1996)) (overruling appellate court's decision that found the improper jury argument was timely raised in a motion for new trial); *see* TEX. R. APP. P. 33.1(a). "A defendant must object at the earliest opportunity to prevent waiver of an issue on appeal." *Owens v. State*, 549 S.W.3d 735, 744 (Tex. App.—Austin 2017, pet. ref'd) (citing *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014)). "Even incurably improper . . . argument is forfeitable." *Hernandez*, 538 S.W.3d at 623. Accordingly, "[a] defendant forfeits his complaint about

3

improper . . . argument if he fails to object." *Owens*, 549 S.W.3d at 744 (citing *Valdez v. State*, 2 S.W.3d 518, 521–22 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd)).

Here, Troxel admits, and the record shows, that he lodged no objection to the prosecutor's argument and did not otherwise timely raise the issue with the trial court. As a result, we overrule Troxel's sole point of error for lack of preservation.

## II.    We Modify the Judgment to Correct a Clerical Error

This Court may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b); *see Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.); (citing *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)) ("This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record."). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Anthony*, 531 S.W.3d at 743 (quoting *Asberry*, 813 S.W.2d at 529–30).

In reviewing the appellate record, we noticed that the State filed habitual offender-punishment enhancement allegations. Specifically, the State alleged that Troxel was previously convicted of two felonies—robbery with a deadly weapon in 2002 and evading arrest with a motor vehicle in 2020. Troxel pled "[n]ot true" to the robbery enhancement allegation and "true" to the allegation of evading arrest. The jury found both allegations true. Yet, the judgment mistakenly omits Troxel's pleas and the jury's findings on these allegations, stating

4

that they were inapplicable. As a result, we modify the trial court's judgment to reflect Troxel's pleas and the jury's verdict.

## III. Conclusion

We modify the trial court's judgment to reflect that Troxel pled "NOT TRUE" to the first punishment enhancement allegation and "TRUE" to the second punishment enhancement allegation. We also modify the judgment to show that the jury found both of the State's punishment enhancement allegations true.

As modified, we affirm the trial court's judgment.


Charles van Cleef
Justice

Date Submitted:     April 6, 2026
Date Decided:       April 7, 2026

Do Not Publish

5